IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY, and FELIX GILLISON, JR., *on behalf of themselves and all individuals similarly situated,* | ) ) ) ) ) ) | Civil Case No.  6:18-mc-00303-DCC |
| Plaintiffs, | ) ) | **MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT** |
| vs. | ) ) ) | |
| BIG PICTURE LOANS, LLC; MATT MARTORELLO; ASCENSION TECHNOLOGIES, INC.; DANIEL GRAVEL; JAMES WILLIAMS, JR.; GERTRUDE MCGESHICK; SUSAN MCGESHICK; and GIIWEGIIZHIGOOKWAY MARTIN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure, nonparty Simon Xu Liang ("Liang") moves for an Order quashing Plaintiffs' August 17, 2018 Subpoena for Liang to Testify at a Deposition in a Civil Action (the "Subpoena") in the matter of *Lula Williams v. Big Picture Loans, LLC*, No. 3:17-cv-00461 (E.D. Va. filed June 22, 2017).  In support of this Motion, Liang states as follows.

**BACKGROUND**

On June 22, 2018, Plaintiffs sued Defendants Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, Inc., ("Ascension") (collectively the "Tribal Defendants") in the United Stated District Court for the Eastern District of Virginia, alleging Tribal Defendants are participants in a RICO conspiracy to violate state usury laws.  Liang is an employee of Ascension.

Big Picture and Ascension are arms and instrumentalities of Lac Vieux Desert Band of Lake Superior Chippewa, Indians ("LVD"), a federally recognized Indian tribe. Big Picture operates an online lending operation where consumers can seek short term loans from Big Picture. Ascension provides various lending-related services to Big Picture.

The threshold issue in the underlying action is whether tribal sovereign immunity bars Plaintiffs' claims. As a federally recognized Indian tribe, LVD inherently possesses all the attributes of sovereignty and is a sovereign government. To that end, the Tribal Defendants sought to have the case dismissed on jurisdictional grounds. The Tribal Defendants are wholly owned and operated economic arms and instrumentalities of LVD. Tribal Defendants are companies organized under and governed by LVD law. Tribal Defendants have not consented to a waiver of their sovereign immunity from suit. As such, tribal sovereign immunity bars Plaintiffs' claims.

On September 29, 2017, Tribal Defendants moved the district court under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' claims as they contended, in part, they were immune from suit as arms of the Tribe. (**Exhibit 1**). On June 26, 2018, the Eastern District of Virginia issued an Order denying Tribal Defendants' motion, and, a Memorandum and Opinion related thereto under seal on July 3, 2018, which was later unsealed by the district court. (**Exhibits 2 and 3**).

On July 19, 2018, Tribal Defendants filed their Notice of Appeal with the Fourth Circuit Court of Appeals to appeal the denial of tribal sovereign immunity as a bar to Plaintiffs' claims. (**Exhibit 4**). Although the Tribal Defendants' Notice of Appeal functionally divested the Court of jurisdiction, because there were outstanding obligations related to discovery, pending motion practice related to the sealed Opinion, and procedural orders related to case management and scheduling, out of respect and deference to the Court and to clear up any uncertainty related to the discovery and procedural matters, on July 20, 2018 the Tribal Defendants filed a motion to stay all

proceedings, noting that jurisdiction had been divested and seeking to confirm that all proceedings were stayed pending the outcome of the appeal.[1]

On July 25, 2018, the Court held a pre-trial conference and instructed the parties that Plaintiffs could proceed with class discovery only as to co-defendant Matt Martorello and that the issue of whether discovery was stayed as to the Tribal Defendants' discovery would be decided by the Court at a later date after full briefing on the matter was submitted.  (**Exhibit 5** at p. 25:2-5). The Tribal Defendants' motion to stay remains pending and awaiting decision from the district court.  In the interim, the Tribal Defendants' appeal before the Fourth Circuit is actively underway.

Despite the Court's direct instructions, on August 17, 2018, Plaintiffs served three Rule 45 subpoenas on the Tribal Defendants counsel for three Ascension employees, including Liang. (**Exhibit 6**).  Counsel for Tribal Defendants and Plaintiffs conferred on whether depositions of these individuals were permitted both after the notice of appeal was filed divesting the district court of jurisdiction over the Tribal Defendants and pending the motion to stay before the district court along with the district court's pre-trial conference decision that class discovery may only proceed against Matt Martorello.

On August 23, 2018, Liang was personally served the Rule 45 subpoena without tender of witness fees and mileage.   The subpoena commanded Liang's appearance on September 4, 2018, only 10 days thereafter, and offered no information about the nature of the testimony sought.

On August 28, 2018, Plaintiffs' counsel made clear that, despite the notice of appeal, pending motion to stay, and district court's pre-trial order, Plaintiffs planned to proceed with the alleged nonparty Rule 45 deposition and depose Tribal Defendant Ascension's employee Liang about matters related to Ascension pending before the Fourth Circuit: "Yes, we intend to ask them

---

[1] On July 24, 2018, co-Defendant Martorello filed a motion to stay as well.

questions about their employment with Ascension." (**Exhibit 7**). Put another way, Plaintiffs have attempted to use Rule 45 governing _non-party_ discovery as an end-run around to their inability to issue a Rule 30(b)(6) notice at this time. Despite the case not proceeding against Ascension due to the pending notice of appeal, Plaintiffs have attempted to move forward by serving a nonparty subpoena upon a _party_ employee to depose that employee about Tribal Defendant Ascension's operations. For the reasons below, this attempted end-run around party discovery is improper. Without any additional time to resolve this disagreement amicably, and with Plaintiffs' counsel refusing to withdraw the Subpoena, Liang has no other option but to timely move to quash the Subpoena.

## LEGAL STANDARD

A court must quash a subpoena "that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "'[U]ndue burden' requires the district court to balance the interests served by demanding complaint against the interests furthered by quashing the subpoena." _United States ex rel. Lutz v. Berkeley Heartlab, Inc._, No. 9:14-230-RMG, 2017 U.S. Dist. LEXIS 195922, at *5 (D.S.C. Nov. 29, 2017). If a subpoena requires a non-party to spend excessive time or money, upon consideration of the relevance of the information requested, the need for the testimony, and availability from other sources, then it is unduly burdensome and must be quashed. _Id._

## ARGUMENT

Counsel for Liang respectfully requests that this court quash the nonparty subpoena on at least three different grounds. First, the Eastern District of Virginia had no authority to issue the Rule 45 subpoena against Liang after Tribal Defendant Ascension, Liang's employer, filed a notice of appeal of the district court's order denying Ascension's motion to dismiss based on sovereign immunity grounds. Second, Plaintiffs failed to properly serve the nonparty subpoena on Liang,

and therefore the subpoena is defective.  Lastly, the subpoena power should not be used to circumvent a stay in any matter, and Plaintiffs' service of the nonparty subpoena on Liang, Tribal Defendant Ascension's employee, in these circumstances presents just that improper play.

I.     **The Nonparty Subpoena is defective and unduly burdensome for lack of jurisdiction.**

As a threshold matter, the subpoena must be issued with a court having the jurisdiction to do so.  And, "[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense.'" *Builders Ass'n of Greater Chicago v. City of Chicago*, Case No. 96 C 1122, 2002 U.S. Dist. LEXIS 8461, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002) (quoting now Rule 45(d)(1)); *see also Thompson v. Carrier Corp.*, No. 3:06-cv-90, 2009 U.S. Dist. LEXIS 97322 (M.D. Ga. Oct. 21, 2009) (granting motion to quash subpoenas issued after filing of notice of appeal which divested the district court of jurisdiction).

On July 19, 2018, Tribal Defendants appealed the district court's denial of their motion to dismiss for lack of jurisdiction based on tribal sovereign immunity.  *See Williams v. Big Picture Loans, LLC*, No. 18-1827 (4th Cir. docketed July 23, 2018).  An interlocutory appeal of a denial of sovereign immunity "divests a district court of jurisdiction to proceed with trial unless the district court certifies the appeal as frivolous." *In re Facebook, Inc.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014); *Eckert Intern, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993) (holding that the defendant's interlocutory appeal based on immunity "divests this Court of jurisdiction over the remaining matters.").

The complete divesture of the district court's jurisdiction over Tribal Defendants Big Picture and Ascension serves to halt all pre-trial proceedings against them, until the appellate court can answer the "threshold immunity question." *In re Facebook, Inc.*, 42 F. Supp. 3d at 559 ("However, the right at issue on an immunity appeal is the right to be immune from being litigated

against, rather than liability on a claim.") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)).  By issuing this nonparty Subpoena, Plaintiffs are attempting to exercise jurisdiction outside of the district court's authority and trample on Tribal Defendants' sovereign immunity.  Thus, the Subpoena must be quashed as the district court had no authority to issue it in the first instance.  *See, e.g.*, *Thompson v. Carrier Corp.*, No. 3:06-cv-90, 2009 U.S. Dist. LEXIS 97322 (M.D. Ga. Oct. 21, 2009) (granting motion to quash subpoenas issued after the filing of a notice of appeal, which divested district court of jurisdiction); *Henkel v. Lickman*, 304 B.R. 897 (Bankr. M.D. Fla. 2004) (applying the "Divesture Rule" to quash subpoenas issued after the filing of a notice of appeal because thereafter district court no longer had jurisdiction over the matter).

**II.**      **The Subpoena is defective and unduly burdensome because it did not tender fees and mileage to Liang.**

Pursuant to Fed. R. Civ. P. 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." These fees must be tendered at the time of the service.  *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) (citing 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 45.06[1] (2d ed. 1982)).  A subpoena served without accompanying fees and allowable mileage is not valid, and it is proper for a district court to quash such an improper subpoena.  *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003); *CF & I Steel Corp.*, 713 F.2d at 496.

When the Subpoena was served on Liang, no fees were tendered, therefore rendering the Subpoena defective.  This Court should therefore quash the Subpoena on this ground as well.

6

III.   **The Subpoena Subject Liang to an Undue Burden Because Tribal Defendant Ascension, Liang's employer, has moved to stay all further proceedings in the district court and that matter is still pending before the trial court.**

In light of the want of jurisdiction, and in the face of a pending motion to stay, the Subpoena constitutes an undue burden on the deponent.

Plaintiffs have issued a nonparty deposition subpoena to Liang, seeking to depose him on issues relating to his employment with Ascension.  Ascension is a tribal entity that has appealed the district court's denial of its motion to dismiss based on sovereign immunity grounds.  Although the notice of appeal divested the district court over jurisdiction of this matter as to Tribal Defendant Ascension, out of an abundance of caution Ascension also moved for a stay before the district court which has not yet been decided.  The motion to stay argues the notice of appeal divested the district court of jurisdiction over Tribal Defendant Ascension, and also is independently warranted by application of the discretionary factors for a stay.  In that circumstance, courts have consistently held that the quashing of a subpoena until a pending motion to stay is resolved is appropriate.  *See, e.g.*, *Williams v. Sampson*, No. C17-0092-JCC, 2017 U.S. Dist. LEXIS 55461, *4 (W.D. Wa. Mar. 11, 2017) (quashing subpoenas in light of pending jurisdictional motions and related motion to stay); *Wedemeyer v. Pneudraulics, Inc.*, No. CV411-135, 2011 U.S. Dist. LEXIS 116725, *4 (S.D. Ga. Sept. 15, 2011) (quashing subpoenas in light of pending dispositive motions and related motion to stay); *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.  Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.")).

Despite these common sense principles, Plaintiffs have taken the position that they can notice depositions of individual Ascension employees and inquire about Ascension's activities.

Even more telling, Plaintiffs boldly claim that they can use Rule 45 to subpoena Liang to attend a deposition based on his status as a shareholder in a third-party entity, but then ask him questions about his employment at *Ascension*.  Despite numerous requests for any authority supporting that attempted end-run around the pending motion to stay, Plaintiffs have supplied none.  That is unsurprising, as the authority squarely favors Liang.  *See, e.g.*, *Wade v. City of Fruitland*, 287 F.R.D. 638, 643 (D. Id. 2013) (granting motion to quash Rule 45 subpoena attempting to discover information from a non-party that the underlying district court had stayed with respect to the party-defendant: "Judge Ryan, although ordering Canyon County to turn over the records, issued a stay of that order pending appeal. If this Court ordered compliance with the Rule 45 subpoena with respect to the three binders, it would nullify Judge Ryan's order and allow Wade to circumvent the stay."); *cf. Golden v. Mentor Capital, Inc.*, No. 2:15-CV-00176-JNP, 2017 U.S. Dist. LEXIS 182935, *2 ("A Rule 45 subpoena should not be used as an improper attempt to circumvent the discovery deadline.  The court therefore will GRANT the Motion to Quash.").  For all the reasons provided above, the Subpoena should be quashed.

### CONCLUSION

For all the reasons provided above, the nonparty subpoena served upon Liang was improper served and imposes an undue burden upon him.  Counsel for Liang therefore respectfully requests that this court quash the subpoena.

**\*\*\*Signature Page Follows\*\*\***

8

ROBINSON GRAY STEPP & LAFFITTE, LLC


By:  s/ Beth B. Richardson
      Elizabeth Van Doren Gray (Fed I.D. No.: 4824)
      Beth B. Richardson (Fed I.D. No.: 9335)
      1310 Gadsden Street
      Post Office Box 11449
      Columbia, South Carolina 29211
      Telephone: (803) 929-1400
      Email: EGray@robinsongray.com
      Email: BRichardson@robinsongray.com

***Attorneys for Simon Xu Liang***

Columbia, South Carolina
August 31, 2018